[Cite as *State v. Jones*, 2017-Ohio-7274.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                   Court of Appeals No. S-16-030

    Appellee                              Trial Court No. 16 CR 121

v.

Pinkie Jones, Jr.                               **DECISION AND JUDGMENT**

    Appellant                             Decided:  August 18, 2017

* * * * *

Thomas L. Steirwalt, Sandusky County Prosecuting Attorney, and
Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 17, 2016 judgment of the Sandusky County

Court of Common Pleas, which, following a jury trial, convicted appellant, Pinkie Jones,

of one count of driving while intoxicated, in violation of R.C. 4511.19(A)(1) and R.C.

4511.19(G)(1)(e), a felony of the third degree, and one count of improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B), a felony of the fourth degree.

{¶ 2} Appellant was sentenced to a four-year term of incarceration for the driving while intoxicated offense, and a one-year term of incarceration for the firearms offense. The sentence was ordered to be served consecutively, for a total term of incarceration of five years. For the reasons set forth below, this court affirms the judgment of the trial court, in part, and reverses it, in part.

{¶ 3} Appellant sets forth the following six assignments of error:

1. Appellant's convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.

2. Trial counsel rendered ineffective assistance in violation of appellant's Sixth Amendment right to counsel and pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).

3. The trial court abused its discretion when it failed to *sua sponte* order a competency evaluation during trial.

4. The post-release control imposed is contrary to law.

5. The sentence imposed is contrary to law.

6. The trial court abused its discretion in ordering appellant to pay all costs, as the record demonstrates appellant has no ability to pay.

2.

{¶ 4} The following undisputed facts are relevant to this appeal. On February 5, 2016, Fremont, Ohio resident Mark Conley drove his work truck home and parked it in the driveway at his residence. Conley is employed by the Ohio Department of Transportation.

{¶ 5} At about 9:30 p.m., one of Conley's neighbors came to his residence and alerted him that his parked truck had been struck by another vehicle and damaged. Conley inspected the truck and observed the property damage. The perpetrator had fled the scene. Notably, Conley observed blue-colored marks where his white work truck was damaged by a blue vehicle. Conley further observed debris near the truck including glass and part of his damaged side view mirror.

{¶ 6} Given what had occurred, Conley next flagged down a police officer who was on patrol in the area and reported the hit and run incident. Shortly thereafter, the police officer to whom Conley had reported the incident, observed appellant sitting in his blue vehicle approximately one mile from Conley's home. Appellant was seated in the driver's seat of the vehicle parked in the driveway.

{¶ 7} Notably, the parked vehicle was still running and also still had its headlights on. The officer observed that appellant's eyes were glassy, he detected a strong odor of alcohol, and the officer observed a beer can on the floor of appellant's car. In conjunction with these observations, there was also fresh, visible damage to appellant's blue vehicle. Specifically, the officer observed white paint transfer marks and also the missing pieces of appellant's headlight.

3.

{¶ 8} When appellant exited the vehicle, the officer noted that he was unsteady on his feet. The officer further observed that appellant, who was known to the officer, was more belligerent than he was in prior dealings with the officer.

{¶ 9} When appellant was arrested for the hit and run, a pocket knife was recovered from his person and a loaded handgun with the safety off was also recovered on the driver's side floor. Appellant stated that the gun was given to him in an exchange for work that he had performed on someone's car.

{¶ 10} The officer recovered a stray bullet from the back seat of the patrol car immediately after bringing appellant to the station. The officer later returned to Conley's home in order to compare the damage sustained by the victim's white truck in comparison to the damage to appellant's blue vehicle. Following the inspection and examination, it was concluded that the damage to appellant's vehicle was a match to the damage to the victim's truck.

{¶ 11} At trial, the jury found appellant guilty on both counts and he was sentenced to a five-year term of incarceration. This appeal ensued.

{¶ 12} In appellant's first assignment of error, he argues that there is insufficient evidence that appellant was the operator of the vehicle that struck the victim's parked truck and that the jury verdict was against the manifest weight of the evidence. We do not concur. The Ohio Supreme Court held in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991):

4.

[A]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.

*Id.* at 273.

{¶ 13} On the issue of the manifest weight of the evidence, the Ohio Supreme Court held:

The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.

*State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 14} The record reflects that shortly after the incident, appellant's vehicle was observed in close proximity to the crash site exhibiting recent paint transfer marks matching the victim's vehicle. The record further reflects that the debris left at the scene matched the damage observed on appellant's vehicle. The record encompassed ample evidence in support of the conviction. Appellant's conviction was supported by

5.

sufficient evidence and was not against the manifest weight of the evidence. We find appellant's first assignment of error to be not well-taken.

{¶ 15} In appellant's second assignment of error, appellant argues that trial counsel was ineffective for not requesting a competency evaluation of appellant or raising the issue at trial. We do not concur.

{¶ 16} *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984) provides the test for a claim of ineffective assistance of counsel. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 17} Appellee counters that appellant's trial counsel made a considered, tactical choice not to seek a competency evaluation. We concur. In *State v. Phillips*, 74 Ohio St.3d 72, 656 N.E.2d 643 (1995), the Ohio Supreme Court held, "Debatable tactics generally do not constitute a deprivation of effective counsel." Appellant presents no convincing evidence of a different outcome but for trial counsel's tactical decision to not seek a competency evaluation. We find appellant's second assignment of error to be not well-taken.

{¶ 18} In the third assignment of error, appellant similarly asserts that the trial court erred and abused its discretion when it failed to sua sponte order a competency evaluation during trial. "The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or

6.

unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} During the trial, when appellant was confronted with adverse evidence from a police body recorder, appellant unilaterally claimed without any evidence whatsoever that the officers involved had created evidence against him and also claimed without evidence that the officers were dishonest to the trial court. The record also reflects instances of confusion in exchanges between appellant and the prosecutor on the topic of the loaded gun found in appellant's vehicle:

Q. So there's – there was another gun in the car that the officers missed, is that what you're saying?

A. No, just the one. I didn't say nothing about no two.

Q. Now, I'm a little confused. This one, the officer said, they found in your car.

A. Well, then it wasn't my car.

Q. Okay. It was Debbie's car?

A. Right.

Q. Right? So you're saying –

A. But that wasn't in Debbie's car.

(Transcript, p. 279).

{¶ 20} Despite suggestions to the contrary, the record merely reflects several instances of appellant's claims at trial running counter to the evidence and to the separate

7.

testimony of other witnesses. It does not remotely reflect that appellant lacked legal competence and failed to understand the proceedings. Consistent with our determination in response to appellant's substantively similar second assignment of error, we likewise find the third assignment of error to be not well-taken.

{¶ 21} We note that the appellee concurs in appellant's fourth assignment of error with respect to the terms of post-release control. Since this offense is not considered an offense of violence or a sex offense, post-release control for a third degree felony is discretionary with the parole board, not mandatory, pursuant to R.C. 2967.28(C).

{¶ 22} Appellee also concurs in appellant's fifth assignment of error concerning the sentence imposed. The record demonstrates that, at sentencing, the trial court sentenced appellant based upon a specification of a prior felony conviction of OVI. We note that the jury verdict forms presented to the jury included a directive that "you shall consider the specification that the Defendant had been previously convicted of a felony OVI." However, the indictment by the grand jury did not contain such a specification. R.C. 2941.1413 specifically precludes imposition of additional prison terms unless the indictment includes the specification language required by statute.

{¶ 23} However, the appellee does not agree with appellant's argument that the imposition of consecutive sentences was improper.

{¶ 24} With respect to the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court to "review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and

8.

convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C) (4) of section 2929.14 * * * of the Revised Code." These findings can be made anywhere on the record but the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659.

{¶ 25} We note that at the sentencing hearing the court referenced the facts of this case and the prosecutor stated "the section is 2929.14(E)(4)." The prosecutor then recited verbatim a different code section, 2929.14(C)(4). Thereafter, the trial court indicated that it was "making the necessary findings" without indicating what findings were being made. Furthermore, the judgment entry does not make any reference to any findings under 2929.14(C)(4). The court speaks through its journal and its statutory findings should be incorporated into the sentencing entry.

{¶ 26} Again, we look to the court's pronouncements in *Bonnell*:

> Thus, the court's description of Bonnell's criminal record as atrocious and its notation of his lack of respect for society do not permit us to conclude that the trial court had made the mandated statutory findings in accordance with R.C.2929.14(C)(4). *Id.* at ¶ 34.

We therefore find appellant's fifth assignment of error to be well-taken.

9.

**{¶ 27}** Appellee further concurs with the sixth assignment of error concerning the imposition of court costs. There was no presentence report prepared. The record contains an affidavit of indigency wherein appellant indicated he had no income other than SSD (presumably social security disability). There is nothing in the record to demonstrate appellant's ability to pay a financial sanction. R.C. 2929.19(B)(5) requires the court to consider the offender's present and future ability to pay the amount of any sanction or fine imposed.

**{¶ 28}** Given the scope of sentencing errors, which is not in dispute, we hereby vacate the sentence and remand to the trial court for appellant to be resentenced.

**{¶ 29}** On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is hereby affirmed, in part, and reversed, in part. The matter is hereby remanded for the trial court to make the requisite finding regarding the ability to pay costs and also to sentence appellant in accordance with R.C. 2929.14(A)(3), as well as to make the necessary findings under R.C. 2929.14(C)(4) for the imposition of consecutive sentences. Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App.R.24.

Judgment affirmed, in part and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.        _____
                                                              JUDGE

Arlene Singer, J.

                                         _____
Thomas J. Osowik, J.                        JUDGE
CONCUR.


                                         _____
                                                             JUDGE